**Gurmeet VARAICH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71334.
Agency No. A78–489–954.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2004.*

Decided Dec. 14, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Linda S. Wernery, Esq., William C. Peachey, U.S. Department of Justice, Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Gurmeet Singh Varaich, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying Singh's applications for asylum, withholding of removal, and protection under the Convention Against Torture (Convention). We review

** This disposition is not appropriate for publication and may not be cited to or by the

for substantial evidence an adverse credibility finding and a denial of eligibility for asylum. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We grant the petition and remand.

A. *Adverse Credibility Finding*

■ Substantial evidence does not support the adverse credibility finding. The BIA affirmed the IJ's decision, indicating its conclusions coincided with those articulated by the IJ. The IJ cited five reasons for finding Varaich's testimony not credible: (1) a discrepancy in the date of Varaich's first arrest; (2) the omission from both parents' affidavits of Varaich's second arrest; (3) a discrepancy in his mother's affidavit regarding the reason for Varaich's trouble; (4) inconsistencies regarding Varaich's visa; and (5) the lack of detail in Varaich's testimony.

As to the discrepancy in the date of Varaich's first arrest, Varaich was asked when he was arrested the first time, and he replied "July 8," then he recounted the events of the several days which followed. Varaich testified that militants came to the family farm demanding food the night of July 8, and the police arrested him the next night on July 9 for aiding the militants, then Varaich was held for several days and beaten by the police. The IJ interrupted and asked Varaich why he first stated he was arrested on July 8, when he later stated he was arrested the next night, July 9. Varaich clarified that the arrest was on July 9 and that the events which began on July 8 were still upsetting to him. Because Varaich clarified his statement, the record does not support the IJ's conclusion that Varaich testified inconsistently. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111–12 (9th Cir.2002) (recognizing

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that "inconsistent" means that two events are "contradictory"); *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988) ("[D]iscrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding.").

As to the IJ's second reason regarding the omission of the second arrest from his parents' affidavits, Varaich testified that the police came to his house a second time and arrested him, but his mother and aunt pleaded with the police and paid a bribe. The police accepted the bribe and did not take Varaich away or harm him. Varaich submitted affidavits from his mother in India and his father in Italy. Both affidavits recounted the family's trouble with the police, the killing and beatings of certain family members, and the arrest, detention, and beating of Varaich. The omission of the incident when Varaich's aunt bribed the police *not* to arrest Varaich is not a material omission in the father's or mother's affidavits and does not amount to a contradiction in Varaich's testimony. *See Singh,* 301 F.3d at 1112.

As a third reason, the IJ stated that the mother's affidavit gave two reasons for the trouble with the police and militants. The mother stated in her affidavit that her husband was arrested three times in 1991 and was tortured by the police and left for Italy in 1992. She stated that the police and militants harassed her and her children regarding the husband's whereabouts. She stated that in 1999, her son was arrested for sheltering and feeding militants. The mother's affidavit does not give two different or conflicting reasons for Varaich's arrest.

As a fourth reason, the IJ stated that if the Indian police were targeting Varaich, he would not have received police clearance for a passport. Varaich testified that the police who gave him clearance for his passport were not from his village, but were from another area. There is no inconsistency in this testimony, and the IJ's finding is based upon "personal conjecture about the manner in which Indian passport officials carry out their duties." *Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004).

Finally, the IJ concluded that Varaich's testimony lacked detail. Varaich, however, answered each question in detail about his arrest, detention, and severe beatings. Substantial evidence does not support this conclusion. *See Akinmade v. INS,* 196 F.3d 951, 957 (9th Cir.1999) (holding that lack of detail is not a valid basis for an adverse credibility finding where the applicant was not asked to provide further detail).

### B. *Substantial Evidence*

The BIA determined that even if credible, Varaich failed to sustain his burden of proof with testimony alone or with a combination of testimony and documentary evidence. Because the adverse credibility determination is not supported by substantial evidence, we consider Varaich's testimony credible, and we find that the record compels the conclusion that Varaich was persecuted on account of an imputed political opinion. *See Singh v. Ashcroft,* 362 F.3d 1164, 1170 (9th Cir.2004) ("If Singh was actually subjected to beatings and torture at the hands of the Indian police for his believed association with militant Sikh separatists, he is presumptively eligible for asylum and an exercise of discretion by the Attorney General.").

### C. *Well–Founded Fear of Future Persecution*

■ Because Varaich established past persecution, he is entitled to the presumption of a well-founded fear of future persecution upon his return to India. *See Guo v. Ashcroft,* 361 F.3d 1194, 1204 (9th Cir.

2004). The government can rebut the presumption by showing by a preponderance of the evidence that conditions have changed enough so that the applicant's fear is not longer well-founded. *Id.* The government introduced two documents concerning the country conditions: a 1996 State Department Country Profile and a 2001 State Department Report on Human Rights Practices. These reports do not rebut the presumption of a well-founded fear of future persecution because the reports detail ongoing abuses by Indian police as countermeasures to Sikh militancy. Other than submitting the reports, which fail to rebut the presumption of future persecution in Varaich's case, the government made no additional arguments regarding changed country conditions. "In these circumstances, to provide the INS with another opportunity to present evidence of changed country conditions, when it twice had the chance, but failed to do so, would be exceptionally unfair." *Baballah v. Ashcroft,* 367 F.3d 1067, 1078 n. 11 (9th Cir. 2004). Varaich is entitled to the statutory presumption of a well-founded fear of future persecution upon his return to India.

### D. *Withholding of Deportation*

██ If an asylum applicant can show that his life or freedom was threatened in the proposed country of deportation and a clear probability that his life or freedom would be threatened on return to that country, he is entitled to withholding of deportation. *Surita v. INS,* 95 F.3d 814, 821 (9th Cir.1996). In this case, Varaich's life and freedom were threatened by Varaich's arrest and beating by Indian police when he was fifteen years old, the beating of his father by Indian police causing his father's departure to Italy, and the killing of a father's cousin by Indian police. Furthermore, Varaich testified and submitted corroborating affidavits from his parents that the danger of his persecution by the Indian police remains. We conclude that Varaich is entitled to the presumption of likely persecution upon his return to India. *See Baballah,* 367 F.3d at 1079.

### E. *Conclusion*

Because we conclude that Varaich established eligibility for asylum and withholding of deportation, we remand to the BIA with directions to grant withholding of deportation, and to present Varaich's claim to the Attorney General for the exercise of discretion regarding the claim for asylum. In light of our conclusion that Varaich's testimony is credible and specific, we vacate the BIA's affirmance of the IJ's conclusion that Varaich is ineligible for relief under the Convention, and remand to the BIA for additional proceedings. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1020–21 (9th Cir.2004).

PETITION FOR REVIEW GRANTED; REMANDED.